Peggy Hunt (Utah State Bar No. 6060)
Benjamin J. Kotter (Utah State Bar No. 9592)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
 hancock.cameron@dorsey.com
 seim.nathan@dorsey.com

*Attorneys for Plaintiff--Gil A. Miller, Chapter 11 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>WATERFORD FUNDING, LLC, *et al.*,<br><br>Debtors. | **Bankr. Case No. 09-22584**<br>Chapter 11<br>(Substantively Consolidated)<br><br>The Honorable R. Kimball Mosier |
| GIL A. MILLER, Chapter 11 Trustee for WATERFORD FUNDING, LLC, WATERFORD SERVICES, LLC, WATERFORD LOAN FUND, LLC, WATERFORD PERDIDO, LLC, WATERFORD CANDWICH, LLC and INVESTMENT RECOVERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Brent Woodson,<br><br>Defendant(s). | **Adv. Proceeding No.** _____<br><br><br><br>**[Filed Electronically]** |
| **COMPLAINT** ||

Plaintiff, Gil A. Miller, the duly-appointed Chapter 11 Trustee (the "Trustee") for Waterford Funding, LLC ("Waterford Funding"), Waterford Services, LLC, Waterford Loan Fund, LLC ("Loan Fund"), Waterford Perdido, LLC, Waterford Candwich, LLC and Investment Recovery, LLC (collectively, the "Debtors"), hereby files this Complaint against Brent Woodson (individually and/or, if relevant, collectively, the "Defendant") and states, alleges and avers as follows:

## JURISDICTION AND VENUE

1. On March 20, 2009 (the "Petition Date"), Waterford Funding and Loan Services filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court.

2. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PARTIES

4. Plaintiff Trustee was appointed by the Court on January 6, 2010, as Chapter 11 Trustee in the above-captioned case.

5. The Debtors are limited liability companies organized under the laws of the State of Utah, and the Court has entered orders substantively consolidating each entity in the above-captioned bankruptcy case as of the Petition Date.

6. The Defendant is a person who received property of the Debtors prior to the Petition Date.

## GENERAL ALLEGATIONS

### Waterford's Pre-Petition Ponzi Scheme

7.  Prior to the Petition Date, Travis L. Wright ("Wright") controlled and operated an enterprise through the Debtors known collectively as "Waterford."

8.  From at least September 1999 until the Petition Date, Waterford was operated by Wright as a business that has the characteristics of a "Ponzi scheme."

9.  Under this scheme, persons were solicited to "invest" funds with Waterford (collectively, the "Investors").

10. Waterford issued promissory notes to Investors (the "Waterford Notes") with annual rates of return ranging from approximately 8% to 60%, with certain effective default rates over 300%.

11. Upon information and belief, Investors who placed funds with Waterford did so based on false representations that Waterford would accumulate monies in a common fund and use the pooled funds to make loans on third party real estate projects at no greater than 50% loan to value. Payments on the third party loans were falsely represented to provide a return to Waterford sufficient to pay Investors and provide a profit to Waterford.

12. From at least September 1999 until the Petition Date, Waterford made payments to Investors and to other parties from monies that it raised from other Investors and/or from monies that were commingled with monies that it raised from other Investors.

13. Waterford was insolvent from at least September 1999 until the Petition Date.

14. At all times since at least September 1999, Wright used funds in Waterford bank accounts as his personal funds.

15. At all times since at least September 1999, Wright had no income other than funds he transferred to himself from Waterford bank accounts.

16. Wright and Waterford shared an economic existence and had a unity of interest.

### The Fraudulent Transfers

17. Prior to the Petition Date, funds of the Debtors in the total amount of $31,000.00 were transferred to the Defendant (the "Fraudulent Transfers"). The Fraudulent Transfers to the Defendant are set forth in the schedule attached hereto as Exhibit 1, which schedule is incorporated herein by reference.

### FIRST CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers under 11 U.S.C. § 548)*

18. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

19. The Fraudulent Transfers were transfers of an interest of the Debtors in property.

20. The Fraudulent Transfers were made or incurred with actual intent to hinder, delay, or defraud the Debtors' creditors.

21. To the extent the Fraudulent Transfers were made on or within two years of the Petition Date as set forth on Exhibit 1, such Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 548(a)(1)(A)

### SECOND CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(B))*

22. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

23. The Fraudulent Transfers were transfers of an interest of the Debtors in property.

24. The Debtors received less than reasonably equivalent value in exchange for the Fraudulent Transfers.

25. The Debtors were insolvent on the date that the Fraudulent Transfers were made.

26. At the time the Fraudulent Transfers were made, the Debtors were: (a) engaged in business or a transaction, or was about to engage in business or a transaction for which any property remaining with the Debtors was unreasonably small capital; or (b) intended to incur, or believed that the Debtors would incur, debts that would be beyond the Debtors' ability to pay as such debts matured.

27. To the extent the Fraudulent Transfers were made on or within two years of the Petition Date as set forth on <u>Exhibit 1</u>, the Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 548(a)(1)(B).

### THIRD CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(a))*

28. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

29. The Fraudulent Transfers were transfers of an interest of the Debtors in property.

30. The Fraudulent Transfers were made or incurred with actual intent to hinder, delay, or defraud creditors of the Debtors.

31. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(a).

## FOURTH CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b)
and Utah Code Ann. § 25-6-5(1)(b))*

32. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

33. The Fraudulent Transfers were made or incurred by the Debtors without receiving a reasonably equivalent value in exchange.

34. At the time the Fraudulent Transfers were made, the Debtors (a) were engaged or were about to engage in a business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or (b) intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

35. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b).

## FIFTH CLAIM FOR RELIEF
*(Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b)
and Utah Code Ann. § 25-6-6(1))*

36. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

37. The Fraudulent Transfers were made or incurred by the Debtors without receiving a reasonably equivalent value in exchange.

38. The Debtors were insolvent at the time the Fraudulent Transfers were made or became insolvent as a result of such Transfers.

39. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1).

## SIXTH CLAIM FOR RELIEF
*(Recovery of Avoided Transfers Under 11 U.S.C. §§550 and 551)*

40. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

41. To the extent they were made on or within two years of the Petition Date, the Fraudulent Transfers are avoidable under § 548(a)(1)(A) and/or (B).

42. The Fraudulent Transfers are avoidable under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5 and 25-6-6.

43. The Trustee may recover and preserve for the benefit of the estate the Fraudulent Transfers from the Defendant under 11 U.S.C. §§ 550(a) and 551.

## SEVENTH CLAIM FOR RELIEF
*(Disallowance—11 U.S.C. § 502(d))*

44. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

45. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. §§ 544(b) and/or 548(a).

46. To the extent that the Defendant has a claim against the estate, that claim must be disallowed by the Court under 11 U.S.C. § 502(d) unless the Defendant has re-paid the amount of the Fraudulent Transfers.

## EIGHTH CLAIM FOR RELIEF
*(Constructive Trust)*

47. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

48. Any and all Fraudulent Transfers made to the Defendant was property of the Debtors and was obtained from the Debtors as a result of a "Ponzi" scheme.

49. Allowing the Defendant to retain the Fraudulent Transfers would unjustly enrich Defendant and would be inequitable to creditors in this case.

50. The Fraudulent Transfers can be traced to Wright's wrongful behavior.

51. An injustice would result if the Defendant were allowed to keep the Fraudulent Transfers.

52. The Trustee is entitled to the imposition of a constructive trust for the benefit of the estate on the amount of all of the Fraudulent Transfers paid by the Debtors to the Defendant.

## NINTH CLAIM FOR RELIEF
*(Unjust Enrichment)*

53. The Trustee realleges and incorporates herein by reference each of the preceding allegations as if set forth completely herein.

54. Any and all Fraudulent Transfers made to the Defendant was property of the Debtors and was obtained from the Debtors as a result of a "Ponzi" scheme.

55. The Fraudulent Transfers conferred a benefit on the Defendant.

56. The Defendant knowingly benefited from the Fraudulent Transfers.

57. Allowing the Defendant to retain the Fraudulent Transfers would unjustly enrich it and would be inequitable to creditors in this case.

-8-

58.  Absent return of the Fraudulent Transfers, the estate and creditors of the estate will be damaged by the Defendant's unjust enrichment and may have no adequate remedy at law.

59.  The Trustee is entitled to judgment against the Defendant requiring the Defendant to disgorge the amount of the Fraudulent Transfers.

### **PRAYER FOR RELIEF**

WHEREFORE, the Trustee respectfully prays for relief as follows:

A.  Pursuant to the Trustee's First Claim for Relief, judgment against the Defendant avoiding the Fraudulent Transfers made on or within two years of the Petition Date under 11 U.S.C. § 548(a)(1)(A).

B.  Pursuant to the Trustee's Second Claim for Relief judgment against the Defendant avoiding the Fraudulent Transfers made on or within two years of the Petition Date under 11 U.S.C. § 548(a)(1)(B).

C.  Pursuant to the Trustee's Third Claim for Relief, judgment against the Defendant avoiding the Fraudulent Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(a)(1) in the amount of $31,000.00.

D.  Pursuant to the Trustee's Fourth Claim for Relief, judgment against the Defendant avoiding the Fraudulent Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(a)(2) in the amount of $31,000.00.

E.  Pursuant to the Trustee's Fifth Claim for Relief, judgment against the Defendant avoiding the Fraudulent Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1) in the amount of $31,000.00.

F.     Pursuant to the Trustee's Sixth Claim for Relief, judgment against the Defendant recovering and preserving for the benefit of the estate under 11 U.S.C. §§ 550 and 551 all avoided transfers in the total amount of $31,000.00.

G.     Pursuant to the Seventh Claim for Relief, disallowance of any claim asserted by the Defendant in full under 11 U.S.C. § 502(d).

H.     Pursuant to the Eighth Claim for Relief, judgment against the Defendant imposing a constructive trust for the benefit of the estate on any and all Fraudulent Transfers made to the Defendant in the total amount of $31,000.00.

I.     Pursuant to the Ninth Claim for Relief, judgment against the Defendant for unjust enrichment and requiring the Defendant to disgorge the Fraudulent Transfers in the total amount of $31,000.00.

J.     Judgment for pre-judgment interest, costs, and fees as may be allowed by law and such other relief as the Court deems appropriate.

DATED this 4th day of January, 2011.

**DORSEY & WHITNEY LLP**

*/s/ Peggy Hunt*
Peggy Hunt
Benjamin J. Kotter
Nathan S. Seim
  *Attorneys for Plaintiff--Gil A. Miller,
  Chapter 11 Trustee*

# Exhibit 1

Case 11-02084 Doc 1 Filed 01/05/11 Entered 01/05/11 10:49:02 Desc Main
Document Page 11 of 12

Waterford Funding, LLC Bankruptcy Estate
Excess Disbursements Detail Report

| Entity Name | Type | Date | Num | Receipt | Disbursement |
|---|---|---|---|---|---|
| **Brent Woodson** | | | | | |
| Waterford Funding, LLC | Check | 01/31/2001 | 1543 | | 500.00 |
| Waterford Funding, LLC | Check | 04/02/2001 | 1597 | | 2,000.00 |
| Waterford Funding, LLC | Check | 06/07/2001 | 1674 | | 10,000.00 |
| Waterford Funding, LLC | Check | 11/15/2001 | 2251 | | 10,000.00 |
| Waterford Funding, LLC | Check | 11/15/2001 | 2249 | | 3,500.00 |
| Waterford Funding, LLC | Check | 11/21/2001 | 2259 | | 5,000.00 |
| | | | | 0.00 | 31,000.00 |
| | | | | **Excess Disbursements** | **31,000.00** |